**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**OPTIMAL PAYMENTS LIMITED f/k/a SF**
**ONLINE PROCESSING, LTD.,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No.  6:04-cv-1407-Orl-31DAB**

**GLOBAL VACATIONS USA, INC. f/k/a**
**TATI'S TRAVEL THE WORLD, INC. a/k/a**
**EZ TRAVEL THE WORLD, INC., a/k/a**
**TATI'S TRAVEL THE WORLD CD'S**
**INC.; ROBERTO GUTIERREZ, LUISA**
**GUTIERREZ a/k/a LUISA VALEROS,**

        **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR DEFAULT JUDGMENT (Doc. No. 15)**
>
> **FILED:** April 1, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Plaintiff filed suit against Defendant Global Vacations for breach of a credit card processing services agreement and against Defendants Roberto and Luisa Gutierrez as guarantors of the debt owed.  Doc. No. 1.  Plaintiff subsequently obtained an entry of default against Defendants on November 5, 2004.  Doc. No. 11.  Plaintiff's Complaint alleged in the Complaint that the amount owed was $844,137.69 from Defendants.  Plaintiff now seeks a final default judgment in the amount

of $961,971.99, plus costs of $370.67, and attorneys' fees of $3,735.39.  Doc. No. 15.  Plaintiff has submitted an affidavit of indebtedness from Michael Liquornik, its Managing Director stating that the total amount owed is $970,970.61.  Doc. No. 15, Att. 3 ¶ 12.  The documents submitted are incomplete.

The document critical to ascertaining the amount of the judgment is the Affidavit of Indebtedness and its supporting schedules, which are incomplete.  Exhibit A to the Affidavit of Indebtedness is a running tally of "Posted Transactions" for Account Number 99992022, which is described in the Affidavit as "the account statements for [Defendant] Global Vacations."  However, the "account statement" (Doc. No. 15, Attachment 3) is cut off at the right margin of each page and a separate document (Doc. No. 15, Attachment 4) lists two columns of numbers with no headings or explanations; the two filings may actually be part of a single document although filed separately in CM/ECF.

Even when the Court went to the trouble of combining the incomplete pages, the numbers by themselves are not comprehensible because there is no explanation in the Affidavit of Indebtedness.  The final amount for the running balance ends up being a negative $7,912.32.  The Affidavit of Indebtedness provides no explanation or reconciliation of the running balance that would conform to the monthly "settle" amounts on the chart titled, "Fines" (marked Ex. B to Affidavit of Indebtedness).  The "Fines" chart attached to the Affidavit of Indebtedness reports "fines" of $41,700 and "penalties" of $675,000 (for a total of $716,700), based on chargebacks that ranged from only $528 to $39,778.42 on a monthly basis.  There is no explanation of how these "fines" or "penalties" were calculated.  There is also no explanation of how the monthly chargeback amount was calculated or why it was broken out into "MC" or "VI" when the account statement (Ex. A) did not make that distinction. The

-2-

Affidavit of Indebtedness does nothing more than quote language from the Processing Services Agreement (Ex. A to the Complaint, Doc. No. 1), which is in a font so tiny and has been copied so many times that it is now illegible.

Because this is plaintiff's second inadequate attempt to submit a basis for entry of judgment, if Plaintiff fails to submit a proper application within 11 days, the case will be subject to dismissal for failure to prosecute.

**DONE** and **ORDERED** in Orlando, Florida on April 25, 2005.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties